HIRAM H. LITTLE *v.* STEPHEN E. KEYES & C. W. KEYES,<br>TRUSTEE.

*Husband and Wife. Evidence.*

Where the *right* or *cause of action* accrues during coverture, the husband may sue alone. So if the right of action is inchoate before marriage and consummate after, the husband may sue alone, or join the wife; but in no case <u>must</u> the wife be joined, except where the cause of action would survive to her.

The plaintiff offered, as proof of an acknowledgment of the defendant, (a letter dated March, 1845, written by the defendant to the plaintiff's wife, after her marriage, she having signed a note with the defendant before her marriage,) that the plaintiff's wife signed the note as his surety, that he was under obligation to pay the note. It was held — that the evidence should pass to the jury, under instructions from the court, as to the law arising from the facts, as they shall find them to exist from the evidence.

INDEBITATUS ASSUMPSIT for money paid, laid out and expended. Plea, *non-assumpsit,* and trial by jury.

On trial, the plaintiff offered in evidence, a note dated May 1, 1838, signed by the defendant, and one Hetty M. Keyes, for the sum of two hundred and ninety-six dollars, payable to Elizabeth G. and Sarah B. Little, on demand with interest. The plaintiff further showed, in evidence, that the said note was given by the defendant, for a tract of land in Sheldon, sold to the defendant by said Hetty M. Keyes, as agent for said Elizabeth G. and Sarah B. Little. That said Hetty M., afterwards, in 1840, removed to the State of Ohio, and soon after her removal, she delivered said note to said Elizabeth G. and Sarah B. Little, who then resided in that State. That prior to the delivery of said note, by said Hetty M. to said Elizabeth G. and Sarah B. Little, it was signed by Stephen E. Keyes, (the defendant) alone, and that at the time of such delivery, an objection was made to the ability of the defendant, and thereupon said Hetty M. Keyes signed said note as surety for defendant. It did not appear that the defendant had at any time, requested said Hetty M. Keyes to sign or become security for the payment of said note. The plaintiff further proved, that said Hetty M. Keyes afterwards intermarried with the plaintiff, and was still his wife. The plaintiff further offered and read in evidence, a letter from the defendant, dated March, 1845, to plaintiff's wife, after her intermarriage with the plaintiff, for the purpose of showing that the defendant recognized the act of said Hetty's signing said note, and assented to the same, and recognized a liability on his part to indemnify said Hetty for so doing. He also read the depositions of James Little, Lyman Little and William T. Bascomb, for the purpose of showing that said note was given for said land, and that said Hetty M. signed said note, that he, the plaintiff had paid all of said note, except one hundred dollars paid by defendant, in consequence of the liability thus assumed by his wife, before her intermarriage with him. Upon this evidence, the defendant insisted that the plaintiff's wife should have been joined in the action, and for want of such joinder of the plaintiff's wife, the action could not be sustained. The objection was overruled by the court. The defendant then insisted, that the said letter did not contain either a request to the plaintiff's wife to pay said note, nor an acknowledgment that said note had been signed by said Hetty by his request, nor the defendant's assent to such an act. But the court directed the jury, that if they should find from

the letter aforesaid, that the defendant did assent to said Hetty's signing said note, and did recognize a liability on his part to indemnify said Hetty, they would return a verdict for plaintiff. Verdict for plaintiff.

To the decision of the court and charge aforesaid, the defendant excepted.

*C. Beckwith* for defendant.

1. The plaintiff seeks to recover by virtue of a contract made by the defendant with the plaintiff's wife, before marriage. The defendant's obligation by that contract was, that he should indemnify and save harmless, the plaintiff's wife, from all damage, in consequence of her signing a promissory note with him. When that contract was broken, the plaintiff and his wife might have dedeclared upon it specially, and to recover any costs or expenses they must have declared specially. General assumpsit for money paid will not change the parties to the suit. As the wife should have been joined, had the declaration been special, she should have been joined in this suit. 1 *Chitty's Plead.* 29. *Morse* v. *Earl et al.,* 13 Wend. R. 271.

2. The court erred in permitting the defendant's letter to go to the jury for them to find from a recognition of his liability to plaintiff's wife. The legal effect of evidence is a question for the court and not for the jury. *Morrill* v. *Frith,* 3 M. & W. 402. *Nelson* v. *Harford,* 8 M. & W. 823. *Doe d' Cuuson* v. *Edmonds* 6 M. & W. 295. *Clarke* v. *Dutchess,* 9 Cowen, 674.

*L: E. Pelton* and *H. E. Hubbell* for plaintiff.

The objection, that it was necessary to join plaintiff's wife, appears to be without foundation. If she had been joined the suit would have failed for the misjoinder. She had no interest in the case, the money paid for defendant was never hers.

The letter was properly submitted to the jury for them to find facts under the instructions of the court, the exceptions are not to the instructions of the court to the jury, but that the court did not construe the letter.

The opinion of the court was delivered by

ISHAM, J.   The plaintiff, in this action, seeks to recover the amount of money paid by him, on a note payable to Elizabeth and Sarah Little, and which was executed by the defendant as principal, and the wife of the plaintiff, before her marriage, as surety. We learn from the case, that *after* the marriage of the plaintiff, he paid the money on the note for which this suit is brought.

It is objected in the case, that this action should have been brought in the name of the plaintiff and his wife, and that the action cannot be sustained in the name of the husband alone.

It is evident, that no right of action on this matter existed at the time of the marriage, for no money had been paid by the surety at that time.   There was simply a liability on her part, and which liability was afterwards imposed on the plaintiff by his marriage.   A right of action accrued only on the payment of the money in discharge of that liability.   If the money had been paid by her before marriage, the cause of action would have accrued whilst sole, and she must then have joined in the action, as in case of his death, the right of action would have survived to her.   And possibly she might have been joined, if after marriage, the claim had been paid from her separate estate.   But where the *right* or *cause of action* accrues during coverture, as in this case, on the payment of the money in discharge of the debt, the husband *may* sue alone, so if the right of action is inchoate before marriage and consummate after, he may sue alone or join the wife.   In no case *must* she be joined, except where the cause of action would survive to her.   And as the money in this case was advanced by the husband in his own right, and in discharge of a personal obligation resting upon him, we do not see that the cause of action would survive to her, on the death of the husband.   It is manifest his personal release would have discharged this debt, on the ground that the legal interest in the contract was vested in him, and having this legal interest, he can sustain this suit alone.   Chitty on Plea. 29.   1 B. & Ald. 224, *McNeilage* v. *Holloway.*

The note upon which this payment was made, was dated May 1, 1838, and at the time of its execution, was signed by the defendant alone.   The note, during the year 1840, was taken to Ohio, and delivered to the payees and owners, by the wife of the plaintiff, and before her marriage.   Objections being made as to the ability of the maker to pay the note, it was signed, on that oc-

XXIV.        9

casion by the plaintiff's wife, before her marriage, as surety for the defendant.

It is claimed on the part of the defendant, that this action cannot be sustained for the money paid by the plaintiff on this note, as it was not signed by the surety at the time of its execution, or by the request of the defendant, and that it was a voluntary act on the part of the surety, and for which no obligation of indemnity arises on the part of the defendant.

It was unquestionably necessary for the plaintiff to show by competent evidence, that the obligation assumed by the plaintiff's wife before her marriage, and the payment of the money by the plaintiff after the marriage, were made at the request of the defendant, or under such circumstances as would show that the relation of principal and surety existed between them. This as a question of fact, could be proved by various modes. It was competent to show an express request, either previous or cotemporaneous with the execution of the note, or circumstances from which the law will imply a request. It was competent also to show that fact by the subsequent conduct of the parties, or by the acknowledgment of the defendant, either verbal or by written communication.

For this purpose, the letter dated in March, 1845, written by the defendant to the plaintiff's wife, after her marriage, was offered and read in evidence. It is to be observed, that this letter was not offered to prove a special contract, on which the action was brought, and on which the court were called upon to decide as to its legal effect, but it was offered as proof of an acknowledgment of the defendant, that the plaintiff's wife signed the note as his surety, that he was under obligations to pay the note, and relieve the plaintiff and his wife, from the payment of the same. For that purpose, the letter was properly passed and submitted to the consideration of the jury, as depositions used in the case are submitted, for them to ascertain and draw the inference, whether or not, at the time of signing the note, or paying the same, the relation of principal and surety existed between them.

The evidence should pass to the jury under instructions from the court as to the law arising from the facts, as they shall find them to exist, from the evidence. · This instruction was given, and no exceptions have been taken to the charge of the court. And

the jury have found from this acknowledgment of the defendant as contained in this letter, that the defendant did assent to the signing of this note by the surety, and did recognize a liability on his part to indemnify the surety therefrom. And this finding of the jury, we are convinced, is founded in the justice and equity of the case, and that the facts so found, do create a liability on the defendant to repay the money advanced on the note.

The result is, that the judgment of the county court must be affirmed.